UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SUN LIFE ASSURANCE COMPANY :
OF CANADA                                    :
                                                       :
    Plaintiff,                             :
                                                       :        CIVIL ACTION NO.
v.                                                     :        3:14-cv-01685-VAB
                                                       :
BRUCE DIAZ, JERRY DIAZ, TOMAS :
DIAZ, AND ESTATE OF ELSON A. DIAZ :
                                                       :
    Defendants.                          :

## MEMORANDUM AND ORDER

## I.    INTRODUCTION

       Plaintiff Sun Life Assurance Company of Canada ("Sun Life") filed this

interpleader action under Fed. R. Civ. P. 22 against defendants Bruce Diaz, Jerry Diaz,

Tomas Diaz, and the estate of Elson A. Diaz (the "Estate") to determine the proper

beneficiary or beneficiaries of a $24,000 death benefit (the "Death Benefit") owing under

a life insurance policy (the "Policy") covering the deceased Elson A. Diaz and governed

by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*

("ERISA").

       Sun Life asks the Court (i) to allow Sun Life to deposit the Death Benefit into the

registry of the Court pending judgment, (ii) to require the defendants to interplead their

rights to the Death Benefit, (iii) to discharge Sun Life from all liability under the Policy

with respect to the death of Elson A. Diaz, (iv) to restrain the defendants from instituting

any other action against Sun Life to recover the Death Benefit, and (v) to award Sun

Life its costs, including attorneys' fees.  (Compl. at 5-6, ECF No. 1.)  For the reasons

stated herein, the Court will grant Sun Life all requested relief except injunctive relief and costs.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Elson A. Diaz worked for The Siemon Company.  (*Id.* ¶ 9.)  Sun Life provided group life insurance benefits to The Siemon Company under the Policy, which partially funded The Siemon Company's employee benefit plan (the "Plan") and which is governed by ERISA.  (*Id.* ¶ 10; Sun Life Jur. Stmt. at 1, ECF No. 15.)  Elson A. Diaz was entitled to the Death Benefit under the Policy.  (Compl. ¶ 11.)

On January 29, 2001, Elson A. Diaz designated his mother as the sole beneficiary of the Death Benefit.  (*Id.* ¶ 13.)  His mother died in May 2013.  (*Id.* ¶ 14.)

On June 9, 2014, Elson A. Diaz's brother, Jerry Diaz, informed Sun Life that he was Elson A. Diaz's power of attorney and requested a beneficiary designation form.  (*Id.* ¶ 17.)  That same day, Sun Life received a beneficiary designation form dated October 20, 2013 from Jerry Diaz (the "Jerry Diaz Form").  (*Id.* ¶¶ 18-19.)  The Jerry Diaz Form, allegedly executed by Elson A. Diaz, named Jerry Diaz as the sole beneficiary of the Death Benefit and Tomas Diaz, another brother of Elson A. Diaz's, as the sole contingent beneficiary.  (*Id.* ¶ 18.)

On July 3, 2014, Sun Life received a beneficiary designation form from Bruce Diaz, another brother of Elson A. Diaz's, naming Bruce Diaz and Tomas Diaz as equal co-beneficiaries of the Death Benefit (the "Bruce Diaz Form").  (*Id.* ¶ 21.)  The Bruce Diaz Form was dated July 3, 2014.  (*Id.* ¶ 22.)  Bruce Diaz executed the Bruce Diaz Form as "POA/Brother."  (*Id.*)

---

[1] No defendant has appeared or filed a responsive pleading in this action.  Accordingly, the Court deems the allegations in Sun Life's complaint admitted, Fed. R. Civ. P. 8(b)(6), and bases its summary of relevant facts on those allegations.

Elson A. Diaz died on July 7, 2014.  (*Id.* ¶ 24.)  An attorney representing Jerry

Diaz threatened to sue Sun Life to recover the Death Benefit, and an attorney

representing Bruce Diaz questioned Sun Life as to why it did not pay the Death Benefit

to Bruce Diaz.  (*Id.* ¶¶ 25-26.)  Sun Life advised Jerry Diaz, Bruce Diaz, and the estate

of Elson A. Diaz that it would commence this interpleader[2] action if they were unable to

resolve their competing claims.  (*Id.* ¶ 27.)

Sun Life did not receive notice from the defendants that they resolved their

competing claims, and so it initiated this action.  (*See id.* ¶ 28.)  Sun Life served Jerry

Diaz on November 20, 2014, (Affidavit of Service at 1, ECF No. 8), and served Bruce

and Tomas Diaz on December 6, 2014, (Affidavit of Service at 1, ECF No. 9; Affidavit of

Service at 1, ECF No. 10).  Because no person had sought admission of a will or letter

of administration in probate court in connection with the Estate, and because Sun Life

was unable to locate a personal representative for the Estate, this Court granted Sun

Life permission to serve the Estate by publishing a notice once per week for two

consecutive weeks in a newspaper of general circulation in Waterbury, Connecticut.

(*See* Order, ECF No. 11.)  Nevertheless, no defendant has appeared in this action.

Sun Life maintains that a dispute exists among the defendants regarding who is

a proper beneficiary to the Death Benefit.  (*Id.* ¶¶ 31-32.)  Sun Life is ready and willing

to pay the Death Benefit to the person(s) lawfully entitled to it, but contends that it

---

[2] "The purpose of an action of interpleader is to permit a party who holds a fund or property, or who owes
a debt, to which two or more persons make claim, and it is uncertain to which claimant the fund or debt
belongs, to commence an action against such claimants for the purpose of having it determined between
them to which the fund, property, or debt owing belongs, so that it may be paid accordingly, and the
holder of the fund, or the debtor, as the case may be, relieved from the danger of a double liability for the
same demand."  *Smith v. Mosier*, 169 F. 430, 442 (C.C.N.D.N.Y. 1909).

cannot pay the Death Benefit without exposing itself to double or multiple liability because of the defendants' competing claims. (*See id.* ¶ 33.)

## III.   DISCUSSION

### A.   Subject Matter Jurisdiction

Federal courts acquire subject matter jurisdiction over interpleader actions in two ways. First, in "statutory interpleader" actions, 28 U.S.C. § 1335 provides district courts with original jurisdiction over any civil action of interpleader involving $500 or more if two or more adverse claimants of diverse citizenship claim, or may claim, to be entitled to the property at issue, and if the plaintiff has deposited the subject property into the registry of the court. Section 1335 does not supply jurisdiction in this case because defendants Jerry Diaz, Bruce Diaz, and Tomas Diaz all reside in Connecticut, and the Estate, to the extent that it exists,[3] would have been created by operation of Connecticut law, and therefore there are not two or more adverse claimants of diverse citizenship. (*Id.* ¶¶ 2-4.) Also, Sun Life has not deposited the Death Benefit into the registry of the Court. (*See id.* at 5.)

Second, in "rule interpleader" actions, Fed. R. Civ. P. 22 provides a procedural mechanism for bringing an interpleader action in federal court, but there must be an independent basis for subject matter jurisdiction. *See Correspondent Servs. Corp. v. First Equities Corp. of Florida*, 338 F.3d 119, 124 (2d Cir. 2003) ("[R]ule interpleader does not provide an independent basis for jurisdiction"). The Second Circuit has recognized that where an ERISA fiduciary requests interpleader relief to resolve conflicting claims to an ERISA plan life insurance benefit, the fiduciary's interpleader

---

[3] As of the date of this Memorandum and Order, the Connecticut Probate Court's docket contains no matter in the name of Elson A. Diaz.

action brought under Fed. R. Civ. P. 22 constitutes a request for equitable relief seeking
to enforce the terms of an ERISA plan pursuant to 29 U.S.C. § 1132(a)(3)(B)(ii), and
federal question subject matter jurisdiction therefore exists under 29 U.S.C. §
1132(e)(1).  *See Metro. Life Ins. Co. v. Bigelow*, 283 F.3d 436, 439–40 (2d Cir. 2002)
(federal question subject matter jurisdiction exists for Rule 22 interpleader action by
plan administrator to resolve family members' competing claims to ERISA plan life
insurance benefits pursuant to 29 U.S.C. § 1132(a)(3)(B)(ii)); *see also Unum Life Ins.
Co. of Am. V. Scott*, No. 3:10CV00538 DJS, 2012 WL 233999, at *1 (D. Conn. Jan. 24,
2012) ("There is no doubt that this Court has jurisdiction over an ERISA benefit action
initiated by a fiduciary of an ERISA-regulated employee benefit welfare plan.").

A person is a fiduciary with respect to an ERISA-covered plan to the extent he
"exercises any discretionary authority or discretionary control respecting management
of such plan or exercises any authority or control respecting management or disposition
of its assets . . . [or] has any discretionary authority or discretionary responsibility in the
administration of such plan."  29 U.S.C. § 1002(21)(A).  Entities making discretionary
decisions regarding eligibility for benefits in connection with administering employee
benefit plans are fiduciaries under ERISA.  *See Aetna Health Inc. v. Davila*, 542 U.S.
200, 220 (2004) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 511 (1996) ("[A] plan
administrator engages in a fiduciary act when making a discretionary determination
about whether a claimant is entitled to benefits under the terms of the plan
documents")).  Most courts recognize that entities exercising discretionary authority with
respect to payment of claims are ERISA fiduciaries.  *See, e.g.*, *Libbey-Owens-Ford Co.
v. Blue Cross & Blue Shield Mut. of Ohio*, 982 F.2d 1031, 1035 (6th Cir. 1993), *on reh'g*

5

*en banc* (Feb. 23, 1993) ("When an insurance company administers claims for an employee welfare benefit plan and has authority to grant or deny the claims, the company is an ERISA 'fiduciary'"); *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 277 (3d Cir. 2007) (life insurer was ERISA fiduciary where it had responsibility for paying and denying claims, and administering claims in accordance with ERISA and terms of plan); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000), *as amended on denial of reh'g and reh'g en banc* (Nov. 3, 2000) (life insurer was ERISA fiduciary where it made claims decisions and received correspondence concerning policies).

The Court concludes that Sun Life is a fiduciary with respect to the Policy and the Plan. Sun Life exercises discretionary authority in determining eligibility for life insurance benefits under the Policy and the Plan and the amount of benefits due. (Sun Life's Juris. Stmt. at 2, ECF No. 15.) Sun Life is also responsible for paying claims under the Policy and the Plan, (*id.* at 2, 5), and receives correspondence regarding claims and beneficiary designations, (*see* Compl. ¶¶ 16, 18, 21, 25–26). Thus, 29 U.S.C. § 1132(e)(1) supplies jurisdiction because this action constitutes a request for equitable relief by a fiduciary seeking to enforce the provisions of an ERISA-covered plan pursuant to 29 U.S.C. § 1132(a)(3)(B)(ii). *See Bigelow*, 283 F.3d at 439–40.

### B.    Two-Stage Process

Whether brought under "rule interpleader," as in this case, or under "statutory interpleader," an interpleader action generally involves a two-stage inquiry. *See New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983); *Metro. Life Ins. Co. v. Little*, No. 13 CV 1059 BMC, 2013 WL 4495684, at *1 (E.D.N.Y. Aug. 17, 2013). First, the stakeholder must demonstrate that the requirements for interpleader

are met and that the stakeholder is entitled to a discharge from liability.  *See New York Life Ins. Co.*, 700 F.2d at 95; *Little*, 2013 WL 4495684, at *1.  Second, the Court adjudicates the adverse claims.  *New York Life Ins. Co.*, 700 F.2d at 95.

      **1.**    **First Stage**

      "To determine whether an interpleader action is appropriate . . . a court must assess whether the stakeholder 'legitimately fear[s] multiple [liability] directed against a single fund, regardless of the merits of the competing claims.'"  *Fid. Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 178 (S.D.N.Y. 2002) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente*, No. 98 CIV. 1756 LMM, 2001 WL 11070, at *5 (S.D.N.Y. Jan. 4, 2001)) (alterations in original); *Wash. Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993) ("[W]hat triggers interpleader is 'a real and reasonable fear of double liability or vexatious, conflicting claims'") (quoting *Indianapolis Colts v. Mayor of Balt.*, 741 F.2d 954, 957 (7th Cir. 1984)); *see also* Fed. R. Civ. P. 22(a)(1) ("Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead.").

      Sun Life's fear of multiple liability is legitimate given the adverse beneficiary designation forms submitted by Jerry and Bruce Diaz and the demands from their attorneys.  Sun Life could face exposure to multiple liability if it distributes the Death Benefit in accordance with the Jerry Diaz Form or the Bruce Diaz Form.  *See* 29 U.S.C. § 1132(a) ("A civil action may be brought . . . by a [plan] participant or beneficiary . . . to recover benefits due to him under the terms of his plan").  Thus, interpleader is appropriate in this case.

Having determined that federal question subject matter jurisdiction exists and that Sun Life has satisfied the requirements of interpleader, and there being no indication that Sun Life is independently liable to any of the defendants, the Court will order Sun Life to deposit the Death Benefit in the Court's registry in accordance with Fed. R. Civ. P. 67 and D. Conn. L. Civ. R. 67, and will discharge Sun Life from further liability under the Policy with respect to the death of Elson A. Diaz.  *See Marcus v. Dufour*, 796 F. Supp. 2d 386, 390 (E.D.N.Y. 2011) *aff'd sub nom. Marcus v. Haaker*, 481 F. App'x 19 (2d Cir. 2012) ("Generally, once an interpleader plaintiff has satisfied the jurisdictional requirements of an interpleader claim, the Court will discharge the plaintiff from liability and dismiss him from the case.") (citing *New York Life Ins. Co.*, 700 F.2d at 95); *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 103 (E.D.N.Y. 2013) (once jurisdictional requirements of interpleader claim are satisfied, "'[t]he court should readily grant discharge of the stakeholder, unless it finds that the stakeholder may be independently liable to a claimant or has failed to satisfy the various requirements of interpleader, including, when required, deposit of the stake.'") (quoting 4 James Wm. Moore et al., *Moore's Federal Practice* § 23.03[2][a] (3d ed. 2005)) (alteration in original); *Gen. Acc. Grp. v. Gagliardi*, 593 F. Supp. 1080, 1087 (D. Conn. 1984) *aff'd sub nom. Gen'l Accident Grp. v. Gagliardi*, 767 F.2d 907 (2d Cir. 1985) ("Normally, an interpleader action is concluded in two stages.  First, the court determines whether interpleader lies, i.e. are there two or more claims to the stake.  If so, the stakeholder is ordered to pay or deliver the stake into court and is discharged of further liability insofar as the stake is concerned."); 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1714 (3d ed. 2015) ("When the court decides that interpleader is

available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested").

> ## 2.    Second Stage

As to adjudicating the defendants' claims to the Death Benefit, "[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *Gagliardi*, 593 F. Supp. at 1089; *see New York Life Ins. Co.*, 700 F. 2d at 95-96 (affirming portion of judgment directing payment of insurance benefits to sole non-defaulted defendant and noting that other defendants' defaults "did not make the interpleader action inappropriate but merely expedited its conclusion by obviating the normal second stage.").

The defendants have failed to appear and serve responsive pleadings. *See* Fed. R. Civ. P. 12(a). Thus, the Clerk must, and is hereby directed to, enter defaults against them. *See* Fed. R. Civ. P. 55(a). However, the Court will not conclude the second stage of the interpleader inquiry at this time.

The Clerk shall mail to Jerry Diaz, Bruce Diaz, and Tomas Diaz a copy of this Memorandum and Order and a copy of the notice attached hereto at **Exhibit A** explaining to each that he is in default and that his failure to appear on or before June 8, 2015 will result in his forfeiture of any claim to the Death Benefit.

To give notice to the Estate, the Clerk shall publish the notice attached hereto at **Exhibit B** in a newspaper of general circulation in Waterbury, Connecticut once per week for two consecutive weeks. If the Death Benefit is not claimed, it may become subject to escheat, *see United States v. Klein*, 303 U.S. 276 (1938), or be deposited in

the United States Treasury in the name and to the credit of the United States, *see* 28 U.S.C. § 2042.

### C.      Injunction

Sun Life also asks the Court to restrain the defendants from instituting any action against Sun Life to recover the Death Benefit.  (Compl. at 5, ECF No. 1.)  Title 28, United States Code, Section 2361 provides that "[i]n any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may . . . enter its order restraining [all claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court."  But that section applies only in "statutory interpleader" actions.  *See* 28 U.S.C. § 2361; *Geler v. Nat'l Westminster Bank USA*, 763 F. Supp. 722, 728 (S.D.N.Y. 1991) ("Section 2361 only authorizes injunctions against other judicial proceedings in statutory interpleader actions; it does not apply to rule interpleader.") (quoting 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1717 (2d ed. 1986)).

"Rule interpleader" actions, like this one, are subject to the Anti-Injunction Act, 28 U.S.C. § 2283, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  The Anti-Injunction Act only bars stays of suits currently pending in state court, not injunctions against future actions.  *Dombrowski v. Pfister*, 380 U.S. 479, 484 n.2 (1965) ("[28 U.S.C. § 2283] and its predecessors do not preclude injunctions against the institution of state court proceedings, but only bar stays of suits already instituted.")

10

(citations omitted); *Engelman v. Cahn*, 425 F.2d 954, 958 (2d Cir. 1969) ("[28 U.S.C. § 2283] relates only to pending state court proceedings."); *Turner v. LaBelle*, 251 F. Supp. 443, 446 (D. Conn. 1966) ("[28 U.S.C. § 2283] only bars stays of suits already instituted.").

The parties have not informed the Court of any pending state court actions concerning the Death Benefit, but the Court cannot assume from the parties' silence that there are no such actions.  However, to the extent that a state court action concerning the Death Benefit is currently pending, an injunction may nevertheless be appropriate to aid this Court's jurisdiction and to effectuate its judgment in this matter, as well as to avoid a needless multiplicity of actions against Sun Life.  *See Geler*, 763 F. Supp. 722, 728-29 ("Allowing litigation to go forward on individual claims while a rule interpleader action is pending in federal court would defeat the entire purpose of the interpleader remedy, which is to avoid the possibility of multiple litigation leading to multiple liability."); 7 Wright & Miller, *supra*, § 1717 ("A preliminary injunction to stay a state-court action while the federal court determines the Rule 22 interpleader case might be regarded as necessary in aid of its jurisdiction and a permanent injunction at the conclusion of the federal action may be needed to protect or effectuate its judgments.") (internal citations and quotation marks omitted).

To obtain the injunction that it seeks, Sun Life must satisfy the usual standards for obtaining a permanent injunction.  That is, Sun Life must demonstrate "(1) irreparable harm . . . and (2) actual success on the merits."  *Ognibene v. Parkes*, 671 F.3d 174, 182 (2d Cir. 2011).

As to irreparable harm, Sun Life faces the risk of being sued in a separate action for recovery of the Death Benefit.  However, should that happen, Sun Life can rely on the Court's order discharging it from further liability under the Policy with respect to the death of Elson A. Diaz.  *See Little*, 2013 WL 4495684 at *3 (denying anti-suit injunction in interpleader action because court's order discharging life insurance company from further liability under relevant policy "effectively preclude[d] any subsequent litigation"). Even if a judgment were entered against Sun Life despite the Court's order, the injury to Sun Life would not be one that money damages could not compensate.  *See JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990) ("[I]t is settled law that when an injury is compensable through money damages there is no irreparable harm."). For the foregoing reasons, Sun Life's request for injunctive relief is denied.

### D.    Costs

Finally, Sun Life asks the Court to award its costs, including attorneys' fees, and to order that such costs be deducted from the Death Benefit.  (Compl. at 6, ECF No. 1.) An award of costs and fees to an interpleader plaintiff may be appropriate where the plaintiff is "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989). However, awarding costs and fees in interpleader actions is within the "sound discretion of the district court."  *Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965).

Moreover, "courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business."  *Travelers Ins. Co. v. Estate of Garcia*, No. 00 Civ. 2130, 2003 WL 1193535, at *4 (E.D.N.Y. Feb. 4, 2003);

see also *Correspondent Servs. Corp. v. J.V.W. Invs. Ltd.*, 204 F.R.D. 47, 49 (S.D.N.Y. 2001).  "This is particularly true in the case of insurance companies, where minor problems that arise in the payment of insurance policies must be expected and the expenses incurred are part of the ordinary course of business."  *Estate of Garcia*, 2003 WL 1193535 at *4; *see also Israel*, 354 F.2d at 490 ("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader."); *Scott*, 2012 WL 233999, at *3 (declining to award costs and attorneys' fees to life insurers considering that $34,000 and $12,735 death benefits were "relatively small amount[s]" and "it would be unfair and inequitable to deplete the monies," and noting that "conflicting claims to the proceeds of insurance policies are normal risks of the insurance business and that the Plaintiffs' interpleader action is brought primarily in their own self-interest.").  Indeed, "courts in this Circuit have typically declined to award insurance companies attorneys' fees and costs in interpleader actions."  *Feehan v. Feehan*, No. 09 CIV. 7016 DAB THK, 2011 WL 497852, at *7 (S.D.N.Y. Jan. 10, 2011) (collecting cases) *report and recommendation adopted*, 2011 WL 497776 (S.D.N.Y. Feb. 10, 2011).

The Court concludes that the expenses incurred by Sun Life in bringing this interpleader action are part of its ordinary costs of doing business as an insurance company, and that it would be unfair to deplete the relatively small Death Benefit where no claimant thereto has been represented by counsel in this action.  Therefore, the Court declines to award costs and attorneys' fees to Sun Life.

IV.     **CONCLUSION**

For the reasons stated herein, it is hereby ORDERED that:

1.      Sun Life shall deposit the Death Benefit in the full amount of $24,000.00 in the registry of this Court in accordance with Fed. R. Civ. P. 67 and D. Conn L. Civ. R. 67.  The Clerk shall invest the full amount of $24,000.00 in a Court Registry Investment System interest-bearing account.  The Clerk shall deduct from the income earned on the invested funds a fee of ten percent (10%) whenever such income becomes available, in accordance with D. Conn. L. Civ. R. 67(b), without further order of the Court.  A party or parties may seek a Court order releasing the funds at an appropriate time as set forth in D. Conn. L. Civ. R. 67(c).

2.      Sun Life, the Plan, their agents, fiduciaries, employees, representatives, predecessors, successors, and assigns are hereby DISCHARGED from and against any and all liability under the Policy with respect to the death of Elson A. Diaz.

3.      The Clerk shall enter a default against each of the defendants.

4.      The Clerk shall mail to each of Jerry Diaz, Bruce Diaz, and Tomas Diaz, at the addresses contained in the affidavits of service at ECF Nos. 8, 9, and 10, respectively, a copy of this Memorandum and Order and a copy of the notice attached hereto at **Exhibit A**.

5.      The Clerk shall publish the notice attached hereto at **Exhibit B** in a newspaper of general circulation in Waterbury, Connecticut once per week for two consecutive weeks.

6.      The defendants shall appear and interplead on or before June 8, 2015 or forfeit any and all claims to the Death Benefit.

SO ORDERED at Bridgeport, Connecticut this twenty-second day of April, 2015.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SUN LIFE ASSURANCE COMPANY :
OF CANADA :
 : CIVIL ACTION NO.
 Plaintiff, : 3:14-cv-01685-VAB
 :
v. :
 :
BRUCE DIAZ, JERRY DIAZ, TOMAS : APRIL 22, 2015
DIAZ, AND ESTATE OF ELSON A. DIAZ :
 :
 Defendants. :

## NOTICE

An interpleader complaint has been filed against you in the United States District Court for the District of Connecticut.  The plaintiff, Sun Life Assurance Company of Canada, seeks to distribute a $24,000 death benefit (the "Death Benefit") to the proper beneficiary or beneficiaries of a life insurance policy covering Elson A. Diaz.  The Court's decision in this matter may affect your interest, if any, in the Death Benefit.  You should contact an attorney.

Because you failed to appear and answer the complaint in this action, the Court entered a default against you.  You must appear and interplead in Civil Action No. 3:14-cv-01685-VAB on or before **June 8, 2015**.  Failure to do so may result in a finding of contempt against you, and forfeiture of any claim, right, title, and/or interest that you may have in the Death Benefit.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY | : | |
| OF CANADA | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:14-cv-01685-VAB |
| | : | |
| v. | : | |
| | : | |
| BRUCE DIAZ, JERRY DIAZ, TOMAS | : | APRIL 22, 2015 |
| DIAZ, AND ESTATE OF ELSON A. DIAZ | : | |
| | : | |
| Defendants. | : | |

## NOTICE

NOTICE TO THE ESTATE AND BENEFICIARIES OF ELSON A. DIAZ.  An

interpleader complaint has been filed in the United States District Court for the District of

Connecticut naming the Estate of Elson A. Diaz (the "Estate") as a defendant.  The

plaintiff, Sun Life Assurance Company of Canada, seeks to distribute a $24,000 death

benefit (the "Death Benefit") to the proper beneficiary or beneficiaries of a life insurance

policy covering Elson A. Diaz.  The Court's decision in this matter may affect the

Estate's interest, if any, in the Death Benefit.

The Court has entered a default against the Estate for failing to appear and

answer the complaint.  The Estate must appear and interplead in Civil Action No. 3:14-

cv-01685-VAB on or before **June 8, 2015**.  Failure to do so may result in forfeiture of

any claim, right, title, and/or interest that the Estate may have in the Death Benefit.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE