UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY : <br> OF CANADA : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> BRUCE DIAZ, JERRY DIAZ, TOMAS : <br> DIAZ, AND ESTATE OF ELSON A. DIAZ : <br> : <br> Defendants. : | CIVIL ACTION NO. <br> 3:14-cv-01685-VAB |

**RULING AND ORDER**

## I.   INTRODUCTION

Plaintiff Sun Life Assurance Company of Canada ("Sun Life") commenced this interpleader action under Fed. R. Civ. P. 22 against defendants Bruce Diaz, Jerry Diaz, Tomas Diaz, and the estate of Elson A. Diaz (the "Estate") to determine the proper beneficiary or beneficiaries of a $24,000 death benefit (the "Death Benefit") owing under a life insurance policy (the "Policy") covering the deceased Elson A. Diaz.

In a ruling dated April 22, 2015 (the "April Ruling"), the Court concluded that it had subject matter jurisdiction over this matter, and that Sun Life had satisfied the requirements of the first stage of the two-stage interpleader inquiry.  ECF No. 17.  The Court ordered Sun Life to deposit the Death Benefit in the registry of the Court, and Sun Life did so.  The Court discharged Sun Life from further liability under the Policy with respect to the death of Elson A. Diaz.

At that point, no defendant had appeared in this action.  Thus, the Clerk entered defaults against all defendants under Fed. R. Civ. P. 55(a).  ECF No. 18.  The Court declined to conclude the second stage of the interpleader inquiry (*i.e.*, adjudicate

1

adverse claims to the property), and instead caused the Clerk to (i) mail to each defendant a copy of the April Ruling; (ii) mail to each defendant a notice explaining that failure to appear would result in forfeiture of any claim to the Death Benefit; and (iii) in order to serve the notice on the Estate, publish it in a newspaper of general circulation in Waterbury, Connecticut once per week for two consecutive weeks.

Jerry Diaz appeared, filed a claim to the Death Benefit, and answered the interpleader complaint. ECF Nos. 22, 24, 25. No other defendant appeared. The Court will now conclude the second stage of the interpleader inquiry. The Court assumes familiarity with the background of this case, which is set forth in the April Ruling.

## II.  DISCUSSION

An interpleader action generally involves a two-stage inquiry. *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983). First, the stakeholder must demonstrate that the requirements for interpleader are met and that the plaintiff stakeholder is entitled to a discharge from liability. *Id.* Second, the Court adjudicates the adverse claims to the property. *Id.*

The second stage is obviated where only one defendant has appeared and made a claim to the property. *See id.* at 95-96 (affirming portion of judgment directing payment of insurance benefits to sole non-defaulted defendant and noting that other defendants' defaults "did not make the interpleader action inappropriate but merely expedited its conclusion by obviating the normal second stage."). "The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been

asserted." *Gen. Acc. Grp. v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn. 1984) *aff'd*, 767 F.2d 907 (2d Cir. 1985).

Several attempts have been made to notify all defendants that failure to appear in this action would result in forfeiture of any claim to the Death Benefit. Jerry Diaz is the only defendant who appeared and made claim to the Death Benefit. The other defendants have been defaulted. *See Metro. Life Ins. Co. v. Little*, No. 13 CV 1059 (BMC), 2013 WL 4495684, at *2 (E.D.N.Y. Aug. 17, 2013) (default alone is sufficient to conclude that party forfeited claim to property). Accordingly, the Court concludes that all defendants but Jerry Diaz have forfeited their claims to the Death Benefit. By virtue of his status as the sole defendant who has appeared and asserted a claim to the Death Benefit, Jerry Diaz is entitled to the funds that were deposited in the registry of this Court. *See New York Life Ins. Co.*, 700 F.2d at 95 (affirming judgment directing that proceeds deposited with court be paid to sole remaining non-defaulted defendant); *Gagliardi*, 593 F. Supp. at 1089.

### III.   CONCLUSION

For the reasons stated herein, it is hereby ORDERED that judgment shall enter in Defendant Jerry Diaz's favor, and that the Clerk shall pay to Jerry Diaz's counsel the $24,000 deposited in the registry of this Court in connection with this matter and close this case.

SO ORDERED at Bridgeport, Connecticut this thirteenth day of October, 2015.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE